## Case No. 16,755.

### UNITED STATES v. WOOD et al.

[5 Hunt, Mer. Mag. 170.]

Circuit Court, S. D. New York. April Term, 1841.

INSOLVENCY—PRIORITY OF THE UNITED STATES—JUDGMENT FOR FRAUDULENT IMPORTATION OF GOODS.

[A judgment in favor of the United States arising out of a fraudulent entry of goods by the judgment debtor is, in case of his insolvency, entitled to the same preference given by section 65 of the act of 1799 [1 Stat. 676] to bonds for the payment of duties; but such priority is only conferred by the statute in case of insolvency proved by the assignment of all the debtor's property. An assignment of only part thereof gives no right to the preference.]

On the 23d October, 1839, the United States recovered judgment against the defendant Wood for $12,469.14. The foundation of the judgment was that Wood had fraudulently entered goods at the custom-house at this port at prices below their actual cost abroad, and had thus evaded the payment of the duties due on their importation. John Wood, from whom the goods were purchased in England by the defendant, became bankrupt, and his assignees employed the other defendant, Ives, to collect or secure the debt owing by Samuel R. Wood to John Wood, and arising chiefly out of sales of the goods so imported. On the 30th of May, 1838, Ives obtained of Samuel R. Wood an assignment of a large amount of property to cover that debt. On the next day Ives executed to S. R. Wood a certificate or stipulation to the effect that "the following securities are to be applied to the amount due by said S. R. Wood to John Wood in the first place, and to his other creditors and the expenses attending the collection and securing the same, and the balance I agree to reconvey and redeliver to him," and then followed a description of the property and securities assigned.

On the 28th of April, 1840, the United States filed a bill in equity against the defendants upon these facts, and claimed priority of payment out of the property so assigned. The answer denied that the assignment was of the entire estate of Wood, or

28FED.CAS.—48

that it was made because of his insolvency; and averred, that it was a partial assignment intended to secure a specific debt only. By arrangement between the parties, Ives was examined as a witness on the part of the United States, and detailed the circumstances leading to and attending the assignment; but stated that the assignment at the time was not understood to embrace all of Samuel R. Wood's property; his household furniture, represented to be worth several thousand dollars, was not included, etc.

Mr. Hoffman, Dist. Atty., and Mr. Butler, for the United States.

Mr. Foote, for defendants.

Before THOMPSON, Circuit Justice, and BETTS, District Judge.

THE COURT observed that if the debt due the United States is entitled to the preference secured by the impost act of 1799 (section 65) to bonds given for the payment of duties, yet such priority was conferred only in case of insolvency proved by the assignment of all the debtor's property. The language of the act plainly looks to this condition, and no adjudication of the United States courts or state courts has given it a greater extent. [U. S. v. Hooe] 3 Cranch [7 U. S.] 73; [Conard v. Atlantic Ins. Co.] 1 Pet. [26 U. S.] 386, 1 Paige, 139; U. S. v. Clark [Case No. 14,807]. The United States must establish by clear proofs their right to come in as creditors of the first degree. When the assignment purports to convey all the debtor's estate, that may be sufficient evidence per se, but, this assignment not being of that character, the plaintiff must supply the proof aliunde. If the receipt or stipulation of Ives to Wood may import that the whole of Wood's estate was conveyed, still it is susceptible of explanation by parol proof, and the testimony of Ives shows that it was designed as an acknowledgment only of the amount of property transferred, and the conditions upon which it was received. This testimony, corroborative of the answer, is full to the fact that the assignment was of parcels of Wood's estate only, and for the specific object of securing the debt which Ives represented. The United States accordingly lay no foundation for their claim of priority, if such right may be considered to exist even where no bond has been taken or credit given.

But the evidence, as it now stands, exhibits Ives as a general trustee of Wood's creditors for the surplus in his hands. The plaintiff, as such creditor, would be entitled to enforce the trust in this form of action. [U. S. v. Howland] 4 Wheat. [17 U. S.] 108, and note 118. The bill can, therefore, be retained for that object, and the suit be prosecuted to the appropriate decree. Order accordingly.

[See Case No. 16,755a.]